UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIASHUN YANG,

        Petitioner,

   v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

        Respondents.

No.  2:26-cv-00832-DAD-DMC

ORDER GRANTING PETITIONER'S
PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING PETITIONER'S
MOTION FOR A TEMPORARY
RESTRAINING ORDER AS MOOT

(Doc. No. 1, 2)

On March 11, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release from custody.  (Doc. No. 2.)  On March 11, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to substantively address *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (Doc. No. 5.)  On March 13, 2026, respondents filed their opposition to habeas and injunctive relief.  (Doc. No. 7.)  In their opposition, respondents state that they do not oppose the court converting petitioner's motion for a temporary restraining order to a motion for preliminary

/////

1

injunction, nor do they oppose the court resolving the merits of the underlying habeas petition based upon the current briefing and without a hearing. (*Id.* at 1–2.)

In support of his petition for writ of habeas corpus, petitioner provides evidence of the following.

Petitioner is a native and citizen of China. (Doc. No. 1 at 12.) He has been continuously detained by immigration authorities since May 2, 2025. (*Id.*) On July 11, 2025, petitioner was issued a final removal order. (*Id.* at 13.) Petitioner has now been detained for over seven months "without the Government executing his removal or providing a clear explanation regarding when or whether removal will occur." (*Id.* at 6.) Petitioner admits that prior to his re-detention he was convicted of two counts of possession of a controlled substance in violation of Colorado Revised Statutes § 18-18-405(1), (2)(e)(I) on June 23, 2021, and sentenced to two years unsupervised probation, but that unsupervised probationary term appears to have expired and he has no criminal charges pending against him. (*Id.* at 5, 18, 35.)

In opposition to petitioner's petition, respondents present evidence of the following.

On November 10, 2010, petitioner became a lawful permanent resident of the United States. (Doc. No. 7 at 13.) On May 22, 2025, petitioner attempted to re-enter the United States from Canada and was detained by immigration officials, allegedly due to his criminal history. (*Id.* at 9, 48.) Petitioner was issued a Notice to Appear for removal proceedings charging him as inadmissible pursuant to section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act ("INA") (codified 8 U.S.C. § 1182(a)(2)(A)(i)(II)). (*Id.* at 52.) On July 11, 2025, an immigration judge ("IJ") determined petitioner was removable pursuant to § 1182(a)(2)(A)(i)(II) and ordered him removed to China. (*Id.* at 59–62.) On August 6, 2025, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") submitted a travel document request for petitioner with the Chinese Embassy, which remains pending. (*Id.* at 10.)

"The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal." *Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025). Pursuant to § 1231(a)(6),

2

"[c]ertain noncitizens ordered removed may be detained beyond the 90-day removal period, including, inter alia, those who are removable under 8 U.S.C. § 1227(a)(2) for certain criminal offenses, those determined to be a risk to the community, or those unlikely to comply with the order of removal." *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *3 (C.D. Cal. June 25, 2025). Nevertheless, "[a] noncitizen may only be held in confinement until 'it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Vlasov v. Bondi*, No. 25-cv-01342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001)).

"The Supreme Court read an implicit limitation into the statute in light of the Constitution's demands, holding that § 1231(a)(6) does not authorize indefinite detention and limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-cv-00998-EPG, 2025 WL 1158841, at *4 (E.D. Cal. Apr. 21, 2025) (internal quotation marks omitted) (quoting *Zadvydas*, 533 U.S. at 689). "A six-month period of detention is presumptively reasonable." *Vlasov*, 2025 WL 2258582, at *2. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Respondents confusingly argue that petitioner is subject to mandatory detention because he is still within the 90-day removal-period pursuant to § 1231(a)(2). (Doc. No. 7 at 3–4.) "The removal period begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. § 1231(a)(1)(B)." *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021). The removal period lasts 90 days from the date of the final removal order. 8 U.S.C. § 1231(a)(1)(A). Petitioner is not subject to mandatory detention pursuant to § 1231(a)(2) because he was ordered removed on July 11, 2025, and all parties waived appeal, such that the removal order became final on July 11, 2025, over seven months ago. (Doc. No. 7 at 59–62.)

3

Petitioner's travel documents to China were requested over six months ago, on August 6, 2025, yet that request remains pending.  (Doc. No. 7 at 10.)  Petitioner has not been provided any additional information regarding whether his removal is likely to occur in the reasonably foreseeable future (Doc. No. 1 at 6) and respondents have not provided any information to the court suggesting that they have received any communications from China regarding the travel document request (*See* Doc. No. 7).  "Based on this record, Petitioner has demonstrated 'good reason' to believe that his removal is not 'reasonably foreseeable,' which shifts the burden to Respondents to rebut this showing." *Andemicael, v. Noem, et al.*, No. 5:25-cv-02999-KK-MBK, 2026 WL 734522, at *4 (C.D. Cal. Feb. 12, 2026) (shifting the burden to respondents when a travel document request was pending for just over six months and the receiving country had not given any indication whether it would respond to the request), *report and recommendation adopted*, 5:25-cv-02999-KK-MBK (C.D. Cal. Feb. 20, 2026).  As noted above, respondents have not provided any evidence suggesting that petitioner's removal is reasonably foreseeable.

> *Zadydas* states that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700.  In addition, *Zadvydas* provides that the noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.  Accordingly, the remedy for a successful *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision.

*L.R. v. Noem*, No. 2:25-cv-02019-RFB-BNW, 2026 WL 161605, at *12 (D. Nev. Jan. 21, 2026).  For these reasons, the court finds that petitioner's removal is not reasonably foreseeable and that the appropriate remedy is his immediate release subject to reasonable terms of supervision under § 1231(a)(3).  *See L.R.*, 2026 WL 161605, at *12 (finding the petitioner's continued detention violated the petitioner's due process right and the appropriate remedy was immediate release subject to reasonable conditions).

/////

/////

/////

4

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus is GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody subject to reasonable terms of supervision pursuant to § 1231(a)(3);

    b. Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him habeas relief; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 18, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE